# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHALLWIN TECHNOLOGY (HK) LIMITED<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN SHERMON TECHNOLOGY CO., LIMITED<br><br>Defendant. | Case No. 2:26-cv-01941<br><br>COMPLAINT FOR DECLARATORY JUDGMENTS OF PATENT NON-INFRINGEMENT, INVALIDITY, UNENFORCEABILITY, AND RELATED STATE CLAIMS<br><br>Jury Trial Demanded |

Plaintiff Shallwin Technology (HK) Limited ("Shallwin" or "Plaintiff"), by and through undersigned counsel, respectfully files this Complaint against Shenzhen Shermon Technology Co., Ltd. ("Shermon" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.  This action seeks declaratory judgments of non-infringement, invalidity, and unenforceability of U.S. Patent No. 11,503,975 ("the '975 Patent") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Plaintiff also brings a Washington state-law claim for tortious interference with business relationships and/or business expectancy and seeks damages, attorneys' fees, and costs. A true and correct copy of the '975 Patent is attached as **Exhibit 1**.

2.  Specifically, Defendant asserted baseless claims of patent infringement by submitting a complaint to Amazon.com ("Amazon") through Amazon's Patent Evaluation Express Procedure ("APEX"), alleging that Plaintiff's Roborock Qrevo Curv 2 Flow product, ASIN B0FXG2BDTJ (the "Accused Product"), infringes the '975 Patent. A copy of the APEX email from Amazon to Plaintiff is attached as **Exhibit 2**, and a copy of Defendant's APEX complaint is attached as **Exhibit 3**.

3.  Plaintiff's requested relief is appropriate because Defendant's baseless claims led Amazon to wrongfully remove the Accused Product listing. This caused significant commercial harm, including lost sales, reduced market competitiveness, and damage to Plaintiff's reputation and goodwill.

4.  Plaintiff contends that the claims of the '975 Patent are invalid and unenforceable due to inequitable conduct during prosecution. Plaintiff further denies that its Accused Product infringes any valid and enforceable claim of the '975 Patent.

///

**PARTIES**

5.     Plaintiff Shallwin Technology (HK) Limited is a limited liability company organized under the laws of Hong Kong SAR, China, with its principal place of business at Room 1303, 13F, Tai Sang Bank Building, 130-132 Des Voeux Road Central, Central, Hong Kong SAR, China. Plaintiff sells its Accused Product on Amazon, and the product is available to customers in the State of Washington, including this District.

6.     Upon information and belief, Defendant Shenzhen Shermon Technology Co., Ltd. is a limited liability company organized and existing under the laws of China, with a principal office located at Room A1008, Building 2, Phase 2, South China International Printing, Paper, Packaging and Logistics Zone, No. 1 Huanan Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen, Guangdong, China.

7.     The '975 Patent was first assigned to Shenzhen Geemo Technology Co., Ltd. ("Geemo") on March 18, 2020, and later assigned to Shenzhen Shermon Technology Co., Ltd. on February 23, 2022. A copy of the assignment record is attached as **Exhibit 4**.

8.     The sole owner of Geemo is Xiaofeng Wang, who is listed as one of the inventors of the '975 Patent. Mr. Wang is also the owner of Defendant. On information and belief, Geemo is Defendant's *alter ego*. A copy of Geemo's corporate information is attached as **Exhibit 5**.

9.     As shown in **Exhibit 3**, Defendant, through Yi Yi of Lawmay P.C., using the email address yiyi@lawmayus.com, submitted the APEX complaint.

**JURISDICTION AND VENUE**

10.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Washington law governing tortious interference with business relationships and/or business expectancy.

- 3 -

11. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, 1338(a), and 2201.

12. This Court has supplemental jurisdiction over the Washington state-law claims because those claims arise from the same case or controversy as the declaratory judgment claims, under 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over Defendant because of Defendant's systematic and continuous business in this District, the State of Washington, and elsewhere in the United States. Defendant sells a variety of cordless vacuum cleaner products through at least its Amazon storefront named "Maircle," as Defendant admitted in its APEX complaint. *See* **Exhibit 3**. These products are available for purchase in this District and throughout the United States. A copy of Defendant's "Maircle" storefront on Amazon.com is attached as **Exhibit 6**.

14. In addition, Defendant submitted the APEX complaint to Amazon.com, whose headquarters are in Seattle, Washington. In filing the APEX complaint, Defendant agreed that the APEX proceeding would "be governed by the laws of the state of Washington, USA" and further agreed "to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." *See* **Exhibit 3**.

15. Defendant's APEX complaint targeted Plaintiff's sales of the Accused Product in this District and throughout the United States. Defendant's baseless complaint caused the removal of Plaintiff's listing, denied Plaintiff access to the market in this District, and caused significant harm to Plaintiff here. These facts establish sufficient minimum contacts between Defendant and this District.

16. Defendant is also subject to this Court's personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because, among other things, Defendant: (i) regularly does or solicits business in the United States; (ii) derives substantial revenue from goods and services provided to customers in this District; (iii) filed

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941

the APEX complaint in this District to block Plaintiff's sales of the product in the United States; (iv) is not a resident of the United States; and/or (v) is sued on patent and declaratory judgment claims arising under federal law. Exercising jurisdiction over Defendant is therefore consistent with due process.

17.    Venue is proper in this District under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1391(c) because Defendant filed the APEX complaint here, that filing caused injury to Plaintiff in this District, and Defendant is not a resident of the United States and may be sued in any district.

18.    Plaintiff has standing to seek declaratory relief under 28 U.S.C. § 2201 *et seq.* because Defendant's APEX complaint caused the removal of Plaintiff's listing for the Accused Product. That removal has already caused, and continues to cause, Plaintiff monetary damage, harm to reputation, loss of competitiveness and goodwill, and disruption of a key distribution channel. An immediate, real, and justiciable controversy therefore exists between Plaintiff and Defendant.

## **FACTUAL BACKGROUND**

19.    Plaintiff's parent company, Beijing Roborock Technology Co., Ltd. ("Roborock"), was founded in 2014 and is a world leader in the research, development, and production of robotic vacuums and cordless stick vacuums.

20.    Plaintiff manages the international sale of Roborock products, including the Roborock storefront on Amazon.com.

21.    On or about April 29, 2026, Defendant filed an APEX complaint with Amazon accusing Plaintiff's Roborock Qrevo Curv 2 Flow product, ASIN B0FXG2BDTJ, of infringing U.S. Patent No. 11,503,975 ("the '975 Patent"). The Accused Product listing on Amazon.ca is substantially similar to the listing that appeared on Amazon.com before Amazon removed it. A copy of the Accused Product listing on Amazon.ca is attached as **Exhibit 7**.

///

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941

22. The '975 Patent, entitled **"Dry-Wet Separation Cleaning Floor Brush,"** states on its face that it was filed on March 27, 2020, and issued on November 22, 2022, claiming priority to Japanese Patent Application No. JP 2020-055351, dated March 26, 2020. The '975 Patent lists Xiaofeng Wang, Shangliu Liu, and Chaoliang Ma as co-inventors and Shermon as the current assignee. The '975 Patent is attached as **Exhibit 1**.

23. Raymond J. Chew ("Chew"), USPTO Registration No. 63,989, prosecuted the '975 Patent. A copy of the '975 Patent application data sheet is attached as **Exhibit 8**.

24. When the original application was filed, the applicant and Mr. Chew certified that the applicant qualified as a micro entity, as defined in 37 CFR 1.29. The applicant never changed its micro-entity status during prosecution and afterwards. A copy of the micro-entity certification is attached as **Exhibit 9.**

25. On January 20, 2023, the Patent Office Official Gazette published a Notice of Reprimand based on Mr. Chew's violation of the Patent Office's Rules of Professional Conduct in connection with the submission of certifications of micro-entity status in applications in which the filing limit was exceeded by the applicant, resulting in a significant number of erroneous micro-entity certifications. The Notice stated: "Mr. Chew represents that a reasonable inquiry could not be performed prior to presentation of the applications to USPTO due, in large part, to his firm's insufficient docketing system or his inability to corroborate an applicant's identity based on (i) the Romanization of an inventor's name; (ii) his non-native language limitations when communicating with the applicant, or (iii) the applicant's intent to deceive the USPTO unbeknownst to Mr. Chew or his firm." The Patent Office's investigation targeted design patent applications filed by Mr. Chew between August 2019 and September 2021 (the "Investigation Period"). Defendant is a Chinese company. The micro-entity certification date and the application filing date for the '975 Patent both fall within the Investigation Period.

- 6 -

The '975 Patent issued on November 22, 2022, well before the Notice of Reprimand, and the patent was later reassigned. These facts support a reasonable inference that the applicant for the '975 Patent did not qualify as a micro entity and that, at a minimum, the applicant intended to deceive the Patent Office and asked Mr. Chew to claim micro-entity status. As shown in **Exhibit 17**, Shermon disclosed annual sales of about $25 million to $30 million and authorized capital of 40 million Chinese yuan. Mr. Xiaofeng Wang, one of the inventors of the '975 Patent, serves as Shermon's legal representative. On information and belief, the inventor, the joint inventors, and the patent applicant, including Geemo and Shermon, did not qualify for micro-entity status during prosecution of the '975 Patent and do not qualify now. This renders the '975 Patent invalid and unenforceable due to inequitable conduct. A copy of the Patent Office's Final Order and Notice of Reprimand is attached as **Exhibit 10**.

26.    At about 10:53 p.m. China time on April 30, 2026—just before the start of the five-day International Workers' Day public holiday (May 1 to May 5, 2026)—Amazon sent an APEX notice email to Plaintiff at xiaowentech@outlook.com (the "Xiaowen Email"). The email included two attachments: an Amazon Patent Evaluation Express Procedure description and an Amazon Patent Evaluation Express Agreement signed by Defendant, alleging that Plaintiff's product with ASIN B0FXG2BDTJ infringed claim 1 of the '975 Patent. *See* **Exhibits 2 and 3**.

27.    The APEX proceeding is administered by Amazon.com, where "a neutral evaluator reviews a patent infringement claim against third-party product listings on amazon.com. The evaluator will make a yes/no decision about whether the patent covers the product listings." A copy of the APEX description is attached as **Exhibit 11**.

28.    To start an APEX proceeding, a patent owner first submits an APEX Agreement to Amazon. Amazon then sends that agreement to the seller listing the

accused products by email and gives the seller two options: (i) execute and return the agreement within three weeks, or (ii) have the listings for the accused products removed from www.amazon.com. That single email from Amazon is the only notice the seller receives. If the seller does not participate in the evaluation or does not comply with the APEX Agreement, Amazon states that it will remove the seller's listings for the accused products, along with any materially identical variants. *See* **Exhibit 11**.

29. The APEX procedure does not allow discovery, a trial, or a hearing. Other than a non-infringement argument, a seller has only two defenses: (1) a court or federal agency decision that the patent is invalid or unenforceable, or (2) proof that the accused product was on sale more than one year before the effective filing date of the asserted patent. Invalidity and unenforceability defenses are otherwise unavailable in the APEX proceeding. *See id.*

30. Plaintiff's Xiaowen Email receives an average of 200 emails from Amazon each day, many of which are no-reply messages. Plaintiff does not have a designated employee who reviews and manages those emails because many Amazon notices also appear in Amazon Seller Central. Plaintiff uses the Xiaowen Email mainly for verification purposes. The APEX notice did not appear in Amazon Seller Central. Amazon sent the APEX notice to the Xiaowen Email late at night on April 30, at the start of a five-day public holiday in China. These circumstances caused Plaintiff to miss Amazon's April 30 APEX email. Because Plaintiff received no other form of notice, Plaintiff did not participate in the APEX proceeding.

31. On May 22, 2026, Plaintiff received a policy warning notice in its performance notifications stating that Amazon had removed the listing for the Accused Product. Not until the following Saturday, May 23, 2026, China time, did Plaintiff learn that it had missed the April 30 APEX email that led to the listing removal. If Plaintiff had received effective notice, it would have fully participated

in the APEX proceeding. A copy of the policy warning is attached as **Exhibit 12**.

32.    Plaintiff's listing for the Accused Product has been removed since May 22, 2026.

**COUNT I: DECLARATORY JUDGMENT OF**

**NON-INFRINGEMENT OF THE '975 PATENT**

33.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34.    Defendant purports to be the owner of the '975 Patent, with all right, title, and interest in the patent.

35.    In its APEX complaint, Defendant alleged that Plaintiff's Accused Product infringes at least claim 1 of the '975 Patent.

36.    The '975 Patent has three independent claims—claims 1, 9, and 16. Each of these claims relates to a dry-wet separation cleaning floor brush component. The claimed housing has an inner portion divided into two separate storage chambers: one for the stiff roller brush and one for the soft roller brush. The storage chamber for the stiff roller brush includes a dust-collection cavity and a dust passage. The dry-wet separation cleaning floor brush component is only a removable component of a robotic vacuum cleaner. It is not a complete robotic vacuum cleaner.

37.    Figures 1-3 below clearly show the "housing" recited in these independent claims.



FIG. 1



FIG. 2



FIG. 3

- 9 -

38.     From the intrinsic record, a person of ordinary skill in the art ("POSITA") would understand that "housing" includes the casing of the dry-wet separation cleaning floor brush component and that "inner part" refers to the inner cavity of that housing, not the outer surface of the housing or the space outside the housing.

39.     As shown below, the Accused Product has a top casing and a bottom casing for the entire robotic vacuum cleaner (Figs. A and B). The "inner part" of the housing refers to the inner cavity or space within those casings. The Accused Product does not have a separate dry-wet separation cleaning floor brush component.



Fig. A Top Casing of Accused Product

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941



Fig. B Bottom Casing of Accused Product

40.    Similarly, Plaintiff's Accused Product does not have "a partition plate dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected from each other," "the stiff roller brush is partially contained in the first storage chamber," or "the soft roller brush is partially contained in the second storage chamber and is movably connected to the housing," as required by independent claims 1, 9, and 16. Because Defendant cannot prove direct infringement, there is no basis for any claim of indirect infringement.

41.    Therefore, Plaintiff's Accused Product has not infringed and does not infringe any claim of the '975 Patent

42.    There is an actual, substantial, and justiciable controversy between Plaintiff and Defendant concerning Defendant's allegation that Plaintiff infringes claim 1 of the '975 Patent.

- 11 -

43.    It is appropriate and necessary for Plaintiff to seek a declaratory judgment that its Accused Product does not infringe any valid and enforceable claim of the '975 Patent.

44.    Plaintiff is entitled to a declaratory judgment that its Accused Product has not infringed and does not infringe any valid and enforceable claim of the '975 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABLITY OF THE '975 PATENT

45.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 as if fully set forth herein.

46.    Defendant purports to be the owner of the '975 Patent, with all right, title, and interest in the patent.

47.    The claims of the '975 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of at least U.S. Patent Publication No. 2015/0082579 (published on March 26, 2015) ("Lin"), Chinese Patent Publication No. CN109589053A (published on April 9, 2019) ("Hu"), and Chinese Patent Publication No. CN108606730A (published on October 2, 2018). A copy of Lin is attached as **Exhibit 13**, and a copy of Hu is attached as **Exhibit 14**.

48.    For example, during prosecution, the examiner determined that Lin anticipated all original claims except claims 4 and 6-10. A copy of the non-final Office Action is attached as **Exhibit 15**.

49.    Defendant accepted the examiner's rejection and incorporated the limitations of original claims 3 and 4 into claim 1 and the limitations of original claims 1, 5, and 6 into new independent claim 11. New independent claim 18 includes all limitations of original claims 1 and 9. A copy of the Applicant's Argument and Remarks is attached as **Exhibit 16**.

50.    Hu discloses both a dust-collection box (420) and the dust-suction channel (421) connecting that box to the opening (102) that houses the debris-

- 12 -

cleaning assembly (32), all within the casing of the robotic vacuum cleaner. This fully anticipates all elements of original claim 1.

51.     To reduce weight and size and eliminate an external dust box, a POSITA would have been motivated to modify Lin by placing the dust-collection box and dust-suction channel inside the vacuum cleaner casing, as taught by Hu. Thus, at least independent claim 1 of the '975 Patent is invalid as obvious over Lin in view of Hu.

52.     Mr. Chew, the prosecuting attorney for the '975 Patent, was investigated and disciplined by the Patent Office for falsely filing micro-entity certifications between August 2019 and September 2021. Mr. Chew signed and filed the micro-entity certification for Defendant on March 18, 2020, based on the gross-income limit. There was no change in micro-entity status during prosecution of the '975 Patent, and no change has been made since issuance. As Mr. Chew acknowledged to the Patent Office, during the Investigation Period he could not make a reasonable inquiry into micro-entity status due "to his firm's insufficient docketing system or his inability to corroborate an applicant's identity based on (i) the Romanization of an inventor's name; (ii) his non-native language limitations when communicating with the applicant, or (iii) the applicant's intent to deceive the USPTO unbeknownst to Mr. Chew or his firm." Shermon disclosed annual sales of about $25 million to $30 million and authorized capital of 40 million Chinese yuan. Mr. Xiaofeng Wang, one of the inventors of the '975 Patent, serves as Shermon's legal representative. Thus, the inventor, the joint inventors, and the patent applicant, including Geemo and Shermon, did not qualify for micro-entity status during prosecution of the '975 Patent and continue to fail to disclose the correct entity status today. The inventor, the joint inventors, and the patent applicant jointly provided a false micro-entity certification to Mr. Chew with the intent to deceive the Patent Office, and Mr. Chew failed to make the required inquiry. Even now, none of those parties has corrected the applicant's status,

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941

despite earnings far above the maximum qualifying gross income. This renders the '975 Patent invalid and unenforceable due to inequitable conduct.

53.     As shown in **Exhibit 18**—the file wrapper for prosecution of the '975 Patent—Defendant did not submit a single prior-art reference or file a single Information Disclosure Statement ("IDS") identifying prior art that it knew or should have known. During prosecution of European Patent Publication No. EP 3,884,834 B1 ("the '834 Patent"), the European counterpart of the '975 Patent, the European Patent Office cited three prior-art references in the European Search Report issued on March 24, 2021 ("ESR")—U.S. 2015/0082579, CN109589053A ("Hu"), and EP 2,833,775 ("Doughty")—and rejected all claims of the original application. The applicant responded to the European Patent Office by amending certain claims and canceling claims 5 and 6 on February 9, 2022. The European Patent Office maintained its rejections based on the same prior art for all amended claims except claim 7. The original and first-amended claims of the '834 Patent are substantially similar to claims in the '975 Patent. The applicant did not disclose either Hu or Doughty—material prior art of which it had knowledge—to the Patent Office during prosecution of the '975 Patent.  Likewise, the Japanese Patent Office issued a Notice of Reasons for Refusal on May 18, 2021 ("NORR"), rejecting all original claims in the application that later issued as Japanese Patent No. J6937859B1 ("the '859 Patent"). The '859 Patent issued from Japanese Patent Application No. JP2020-055351. The NORR cited four prior-art references: U.S. 2016/0256025A ("Van Der Kooi"); JP2018-531662A ("Jang"); JP2019-523051A ("Gunter"); and JP3186168U ("Lin"). In response to the NORR on July 29, 2021, the applicant amended original claims 1 and 6 and deleted original claims 5 and 7. The original claims of the '859 Patent are substantially similar to claims in the '975 Patent. The applicant did not disclose Van Der Kooi, Jang, Gunter, or Lin—material prior art of which it had knowledge—to the Patent Office during prosecution of the '975 Patent, even though it filed a Request to Retrieve

- 14 -
COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941

Electronic Priority Application claiming priority to the '859 Patent application, No. JP2020-055351. Mr. Wang, Defendant's legal representative, signed the declaration for the '975 Patent application. As an inventor, Mr. Wang participated in the prosecution of the '975 Patent and its counterparts before the European Patent Office and the Japanese Patent Office. He had a sophisticated understanding of the prior art cited by those examiners, the rejections and reasoning they gave, and Defendant's claim amendments, arguments, and remarks. Indeed, Plaintiff relies on U.S. 2015/0082579 in view of Hu as one ground for invalidating claim 1 of the '975 Patent. Mr. Wang knew these prior-art references were important, yet chose to withhold them from the Patent Office to obtain allowance of the '975 Patent. Had Mr. Wang disclosed these references, the Patent Office might not have issued the '975 Patent. The examiner would have had sufficient information and opportunity to conduct a full analysis and reject the '975 Patent in its entirety. Mr. Wang's withholding of prior art cited by the European Patent Office and the Japanese Patent Office during prosecution of counterparts of the '975 Patent, with intent to deceive the Patent Office, renders the '975 Patent unenforceable due to inequitable conduct. A copy of Mr. Wang's declaration is attached as **Exhibit 19**. A copy of the ESR is attached as **Exhibit 21**. A copy of the NORR is attached as **Exhibit 22**. A copy of the applicant's Request to Retrieve Electronic Priority Application claiming priority to the '859 Patent application, No. JP2020-055351, filed during prosecution of the '975 Patent, is attached as **Exhibit 23**.

54.     There is an actual, substantial, and justiciable controversy between Plaintiff and Defendant concerning the validity and enforceability of the claims of the '975 Patent.

55.     It is appropriate and necessary for Plaintiff to seek a declaratory judgment that one or more claims of the '975 Patent are invalid and/or unenforceable due to the applicant's inequitable conduct.

///

- 15 -

56.    Plaintiff is entitled to a declaratory judgment that the claims of the '975 Patent are invalid and/or unenforceable.

## COUNT III: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND EXPECTACNY

57.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 57 as if fully set forth herein.

58.    Plaintiff and Amazon have a valid and existing business relationship and contracts that allow Plaintiff to sell its products, including the Accused Product, on Amazon.com.

59.    Defendant knew of Plaintiff's business and contractual relationship with Amazon.com.

60.    Defendant intentionally filed a baseless APEX complaint with Amazon, knowing that the '975 Patent was unenforceable due to Defendant's own inequitable conduct, to cause Plaintiff's listing for the Accused Product to be removed.

61.    Because of Defendant's APEX complaint, Amazon removed Plaintiff's listing for the Accused Product, interfering with Plaintiff's business and contractual relationship, and business expectancy, with Amazon.

62.    Defendant's wrongful actions caused damages, including lost sales, lost goodwill, reputational harm, and reduced marketplace competitiveness.

63.    Defendant filed the APEX complaint for an improper purpose and by improper means.

64.    Defendant's acts constitute tortious interference with Plaintiff's business and contractual relationship, and business expectancy, with Amazon in violation of Washington law.

## DEMAND FOR JURY TRIAL

65.    Plaintiff demands a trial by jury on all causes of action so triable.

///

- 16 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a.  A judgment declaring that the claims of the '975 Patent are invalid and/or unenforceable;

b.  A judgment declaring that Plaintiff's Accused Product has not infringed and does not infringe any valid and enforceable claim of the '975 Patent;

c.  A judgment that Defendant tortiously interfered with Plaintiff's business relationship with Amazon.com;

d.  A judgment awarding Plaintiff sufficient damages for Defendant's tortious conduct;

e.  An accounting of all damages Plaintiff suffered from the removal of its listing for the Accused Product, including, without limitation, lost sales, inventory costs, inventory removal expenses, lost revenue, damage to goodwill and reputation, and loss of market competitiveness and marketplace rankings, in an amount to be determined at trial;

f.  An order requiring Defendant to withdraw, retract, and claw back each complaint or request submitted to Amazon.com, any other e-commerce platform, and/or any third-party distributor based on alleged infringement of the '975 Patent;

g.  An order granting preliminary and permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, attorneys, affiliates, and all persons in active concert or participation with any of them, whether acting directly or indirectly, from alleging, asserting, attempting to allege or assert, or assisting others in alleging or asserting, the '975 Patent against Plaintiff before Amazon.com, any other e-commerce platform, or any distribution channel;

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941

h. An order requiring Defendant to file with the Court and serve on Plaintiff's counsel, within three (3) days after entry of any preliminary injunction or permanent injunction order, a declaration confirming compliance with that order;

i. An award of pre-judgment and post-judgment interest and costs against Defendant in accordance with applicable law; and

j. Such other and further relief as the Court deems just and proper.

Dated: June 4, 2026                              Respectfully submitted,

CROWELL & MORING LLP
Meghan McMeel (SBN 50971)
  mmcmeel@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
(415) 286-2800

CROWELL & MORING LLP Lyle Vander Schaaf (*pro hac vice* to be filed)
  lvanderschaaf@crowell.com
Fei Hu (*pro hac vice* to be filed)
fhu@crowell.com
600 5th Street NW,
Washington DC 20006
(202) 296-6941

Attorneys for Plaintiff SHALLWIN TECHNOLOGY (HK) LIMITED

COMPLAINT FOR DECLARATORY RELIEF;
CASE NO.: 2:26-cv-01941