UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHALLWIN TECHNOLOGY (HK) LIMITED,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>SHENZHEN SHERMON TECHNOLOGY CO LIMITED,<br><br>                    Defendant(s). | CASE NO. C26-1941-KKE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff Shallwin Technology (HK) Limited's ("Shallwin") motion for a temporary restraining order ("TRO"). Dkt. No. 5. Defendant Shenzhen Shermon Technology Co. Limited ("Shenzhen Shermon") has not yet appeared or been served, though Shallwin asserts it sent a copy of the TRO motion to Shenzhen Shermon's counsel via email on June 10, 2026. *Id.* at 27. Having considered Shallwin's motion and the relevant record, the Court DENIES Shallwin's motion without prejudice.

## I.    BACKGROUND

This case involves the alleged infringement by one of Shallwin's products sold on its Amazon.com storefront, a next-generation roller-mop robot vacuum. Dkt. No. 5 at 2–3. Shallwin is an indirect, wholly owned subsidiary of Beijing Roborock Technology Co., Ltd. ("Roborock") and manages international sales of Roborock products (primarily robot vacuums and cordless stick

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

vacuums) including on Amazon.com. Dkt. No. 5-2 ¶¶ 2–5. According to a Roborock employee, the Roborock Amazon.com storefront "is a key distribution channel of Roborock products in the United States and accounts for roughly two-thirds of Shallwin's sales in this country." *Id.* ¶ 6.

On January 19, 2026, Shallwin launched the Roborock Qrevo Curv 2 Flow ("Accused Product") on its Amazon.com storefront. *Id.* ¶ 9. On April 29, 2026, Shenzhen Shermon filed a complaint with Amazon's Patent Evaluation Express program ("APEX"), asserting that the Accused Product infringes claim 1 of U.S. Patent No. 11,503,975 ("'975 Patent"). *Id.* ¶ 13. Shallwin "missed" Amazon's email notice regarding the APEX proceedings because it "does not have a designated employee who reviews and manages [its] email account" and "many Amazon notices also appear in Amazon Seller Central." *Id.* ¶ 15. Because it missed the notice, Shallwin did not participate in the APEX proceeding, and Amazon notified Shallwin on May 22, 2026 that the listing for the Accused Product had been removed. *Id.* ¶ 16. Shallwin claims it filed appeals with Amazon which were unsuccessful. *Id.* ¶ 17. Shallwin also states that on June 4, 2026, Shenzhen Shermon sent it an offer to license its patented technology for "USD 7.5 per unit." *Id.* ¶ 22, Dkt. No. 5-6 at 2. In that same correspondence, Shenzhen Shermon gave Shallwin the opportunity to "provide relevant technical information" if Shallwin "believes the [Accused Product] does not utilize [Shenzhen Shermon's] patented technology," and remained open to "further review" and further discussion. Dkt. No. 5-6 at 2. Rather than take Shenzhen Shermon up on those offers, Shallwin proceeded to file the instant lawsuit and motion for a TRO. Dkt. Nos. 1, 5.

Shallwin filed the complaint on June 4, 2026, seeking a declaration of non-infringement of the '975 Patent, declaration of the '975 Patent's invalidity and unenforceability under 35 U.S.C. §§ 102 and 103, and alleging tortious interference with its business relations and expectancy with Amazon under Washington state law. Dkt. No. 1 at 9–16. On June 10, 2026, Shallwin moved for

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

an TRO which would require Shenzhen Shermon to retract its patent complaints that were directed at the Accused Product and submitted to Amazon.  Dkt. No. 5.  Shallwin certifies that it has "notified Defendant's counsel in the APEX proceeding of [the TRO] motion using the contact information listed in the APEX complaint."  *Id.* at 5, 27.  However, Shenzhen Shermon has not appeared and the record is silent on whether Shallwin received any response from Shenzhen Shermon's counsel after emailing the motion papers.

Shallwin asserts the APEX complaint "has already caused irreparable harm to Plaintiff's reputation, goodwill, and competitiveness" on Amazon.com.  Dkt. No. 5 at 4.  Shallwin anticipates that "one-third of the Accused Product's annual sales" will occur during the Amazon Prime Day sale.  In Shallwin's view, given that "Amazon Prime Day 2026 [is] approaching in late June," "[a] TRO is the only appropriate remedy[.]"  *Id.* at 4–5.

## II.   ANALYSIS

### A.   Legal Standard

Motions for TROs and preliminary injunctions are governed by "substantially identical" standards.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A plaintiff seeking a TRO must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in favor of a TRO; and (4) an injunction is in the public interest.  *Id.* at 20.  To obtain injunctive relief, "plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  The court "need not make findings concerning the third or fourth factors if the moving party fails to establish either of the first two factors."  *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973–74 (Fed. Cir. 1996).

TROs differ from preliminary injunctions in that courts "may issue a temporary restraining order without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b)(1). But "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1). A court may issue such a TRO "only if specific facts … clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). These restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). Accordingly, "very few circumstances justify[] the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, it is unclear whether Shenzhen Shermon has received adequate notice of this action. While there is no requirement that formal service of the complaint take place before seeking a TRO, and Shallwin certifies in its brief that its counsel emailed the motion and supporting declaration to two email addresses affiliated with Shenzhen Shermon and its lawyer in the APEX proceeding, the record is silent as to whether Shenzhen Shermon or its counsel acknowledged receipt of the motion or whether the emails were successfully delivered. Moreover, it is unclear whether (or what) efforts have been made to provide Shenzhen Shermon with a copy of the complaint, which the motion references. Shenzhen Shermon has neither appeared nor responded to the motion in accordance with Local Rule 65. *See* LCR 65(b)(5). Even assuming that adequate notice has been provided, however, the Court finds that the current record before the Court is

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

insufficient to demonstrate that Shallwin is likely to succeed on the merits of its claims or that it faces irreparable harm.

**B.      Shallwin Fails to Show Likelihood of Success on the Merits of its Claims.**

Shallwin asserts both that the Accused Product does not infringe the '975 Patent and that the patent is invalid, and additionally brings a claim of tortious interference with its business expectancy.  Dkt. No. 1 at 2, 9–16.  For the reasons below, the Court finds that Shallwin has not shown it is likely to succeed on the merits of its claims.

1.   Bad Faith Requirement

Shallwin's state law claim for tortious interference with its business expectancy is predicated upon Shenzhen Shermon's purportedly "baseless APEX complaint" filed with Amazon. Dkt. No. 1 ¶¶ 57–64.  "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation."  *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)). Thus, as to its tortious interference claim, Shallwin must show that Shenzhen Shermon likely acted in bad faith when it sent infringement notices to Amazon.  *Id.*  This requirement applies at the preliminary injunction stage, as "a showing of bad faith … rests partly on First Amendment principles" which are "particularly significant when an injunction against speech is at issue." *Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2023).  "Therefore, because [Shallwin's] request for injunctive relief on its non-infringement claim implicates [Shenzhen Shermon's] communications asserting infringement of its patent, in order to prevail, [Shallwin] must demonstrate [Shenzhen Shermon's] bad faith in support of this claim as well."  *Godox Photo Equip. Co. Ltd. v. Profoto Aktiebolag*, C25-0502-KKE, 2025 WL 2172705, at *4 (W.D. Wash. July 31, 2025) (collecting cases).  To show bad faith, a plaintiff must establish that the defendant's

assertion of infringement was both (1) "objectively baseless" and (2) made in "subjective bad faith." *Globetrotter*, 362 F.3d at 1375–76. Despite this requirement, Shallwin has not offered any evidence or legal argument as to bad faith. Further, nothing in the evidentiary record before the Court suggests that Shenzhen Shermon initiated the APEX proceeding in bad faith. Thus, Shallwin fails to demonstrate a likelihood of success on the merits as to its tortious interference claim.

### 2. Invalidity

Shallwin argues that the '975 Patent is invalid both as anticipated and obvious in light of two prior art references—the "Lin" reference and the "Hu" reference—which were published in 2015 and 2019 respectively. Dkt. No. 5 at 12.

"A patent shall be presumed valid." 35 U.S.C. § 282(a). "The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Id.* A "patent enjoys the same presumption of validity during preliminary injunction proceedings as at other stages of litigation." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009). While an alleged infringer must establish invalidity by clear and convincing evidence at trial, *id.* at 1376–77, at the preliminary injunction stage, the accused infringer need only establish a "substantial question" of invalidity. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed. Cir. 2001); *Open Text, S.A. v. Box, Inc.*, 36 F. Supp. 3d 885, 892 (N.D. Cal. 2014).

"A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) (citation omitted). Although Shallwin gestures at the Lin and Hu references as to anticipation, it is unclear that either reference considered on its own discloses each and every limitation of the '975 Patent. Shallwin asserts that the Hu reference discloses all elements in "original claim 4," and "original claim 9," but acknowledges that Shenzhen Shermon later

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 6

"incorporated all limitations" of certain original claims into new independent claims 1, 11, and 18. Dkt. No. 5 at 13. Shallwin does not provide anticipation analysis as to the new claims. *See* Dkt. No. 5-5. Thus, on this record, the Court cannot find that Shallwin is likely to succeed on the merits of its anticipation argument.

A patent is invalid as obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art [("PHOSITA")] to which the claimed invention pertains." 35 U.S.C. § 103. "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). Rather, courts look to whether there was a "teaching, suggestion, or motivation to combine known elements" that would have rendered an invention obvious. *Id.* The underlying factual inquiries include: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations, such as commercial success, long felt but unsolved needs, and the failure of others. *Id.* at 406 (citation omitted). The party challenging the validity of the patent must "identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *Id.* Shallwin asserts in a conclusory fashion that a PHOSITA "would have been motivated to modify Lin by placing the dust collecting box and dust suction channel inside the vacuum cleaner casing, as taught by Hu" in order "[t]o reduce weight and size and eliminate an external dust box[.]" Dkt. No. 5 at 14–15. Shallwin fails to provide any evidence (for instance, a declaration from a PHOSITA), to support such a conclusion, "and furthermore does not even attempt to address any of the relevant secondary considerations identified in *KSR*." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 877 F. Supp. 2d 838, 873 (N.D. Cal.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 7

2012) *rev'd on other grounds*, 695 F.3d 1370 (Fed. Cir. 2012). Thus, Shallwin's "evidence in support of its obviousness [claim ] falls far short of raising a substantial question of invalidity sufficient to overcome the presumption of validity." *Id.* (rejecting expert witness's conclusory statement that "it would have been obvious to one of ordinary skill in the art to include" the patented feature).

In sum, on the limited record and argument before the Court, the Court is unable to determine that Shallwin is likely to succeed on either of its theories of invalidity.

3.  Inequitable Conduct

"Inequitable conduct renders a patent unenforceable and is, therefore, an affirmative defense to an allegation of patent infringement." *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1096 (Fed. Cir. 2024); *Freshub, Inc. v. Amazon.com, Inc.*, 93 F.4th 1244, 1252 (Fed. Cir. 2024). "To prove inequitable conduct, a party must show that the patentee withheld material information from the [U.S. Patent and Trade Office ("PTO")], and did so with the specific intent to deceive the PTO." *Laurain*, 98 F.4th at 1096–97 (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011)). "With respect to intent to deceive, gross negligence or negligence under a should have known standard is insufficient; instead, actual deceptive intent must be shown to be the single most reasonable inference able to be drawn from the evidence." *Glob. Tubing LLC v. Tenaris Coiled Tubes LLC*, 167 F.4th 1357, 1370 (Fed. Cir. 2026) (citation modified).

Shallwin first argues that the '975 Patent is unenforceable because Shenzhen Shermon misrepresented its entity status during the prosecution of the '975 Patent. Dkt. No. 5 at 15–18. Shallwin relies primarily on a notice of reprimand from the Patent Office directed to Defendant's patent agent Mr. Raymond Chew, who allegedly submitted numerous erroneous micro-entity certifications during the relevant time period. Dkt. No. 1 ¶ 25. While "misrepresentation of small

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 8

entity status is not strictly speaking inequitable conduct in the prosecution of a patent", a district court can hold a patent unenforceable for inequitable conduct on this basis. *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1231 (Fed. Cir. 2007). However, Shallwin's arguments connecting Mr. Chew's conduct and the prosecution of the '975 Patent are primarily made "on information and belief" (Dkt. No. 1 ¶ 25) and the current record is thus insufficient to find inequitable conduct arising from this alleged misrepresentation alone.

Shallwin next argues that Shenzhen Shermon withheld material prior art "with intent to deceive the Patent Office" during prosecution of the '975 Patent. Dkt. No. 5 at 18–19. Specifically, Shallwin alleges that Mr. Xiaofeng Wang, one of the inventors of the '975 Patent, withheld prior art of which he was aware due to his involvement in the prosecution of the European and Japanese counterparts to the '975 Patent. Dkt. No. 1 ¶ 53. While the Court agrees the prior art identified by Shallwin is material, the allegations concerning Defendant's "specific intent to deceive" the Patent Office are conclusory. *See Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988); *see also Glob. Tubing LLC*, 167 F.4th at 1370 (explaining that "intent to deceive" requires a showing that "the applicant knew of the [withheld] reference, knew that it was material, and made a deliberate decision to withhold it."); *Freshub, Inc.*, 93 F.4th at 1254 (explaining that "deceptive intent depends on what [the patentee] believed" about representations made to the PTO).

Accordingly, though Shallwin could potentially prevail on a more robust record, at this stage, the Court finds the record is insufficient to warrant entering a TRO on Shallwin's inequitable conduct claim.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 9

**C.   Shallwin Fails to Demonstrate It Will Face Irreparable Harm in the Absence of Injunctive Relief.**

"To obtain a TRO, the movant must [] show that (1) absent an injunction, it will suffer irreparable harm; and (2) a sufficiently strong causal nexus relates the alleged harm to the alleged conduct." *Medcursor Inc. v. Shenzen KLM Internet Trading Co.* ("*Medcursor I*"), No. 2:21-CV-02843-AB-AFM, 2021 WL 2024858, at *5 (C.D. Cal. Apr. 20, 2021) (citing *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1377-1378 (Fed. Cir. 2012)).  "A likelihood of irreparable harm means a likelihood of substantial and immediate irreparable injury.  Merely showing some lost market share is insufficient to satisfy this requirement." *Id.* (cleaned up).

While Shallwin submits a declaration asserting some reputational injury and potential for lost market share, Shallwin fails to show its threatened losses are immediate or irreparable.  First, Shallwin avers that its Roborock storefront on Amazon is a "key distribution channel of Roborock products in the United States and accounts for roughly two-thirds of Shallwin's" United States sales, but Shallwin does not detail how many units of the Accused Product are sold through its Amazon storefront or the impact of delisting the Accused Product on its overall sales.  Dkt. No. 5-2 ¶ 6.  While Shallwin estimates that one-third of its sales of the Accused Product will be made during Amazon Prime Day in "late June," the declaration does not detail the impact of those lost sales on Shallwin's business overall.  *Id.* ¶ 21.  Further, those seemingly quantifiable lost sales could be compensated by damages.  *See Medcursor I*, 2021 WL 2024858, at *6.  And though "'[r]eputational harm and loss of goodwill can be irreparable harm,' Plaintiff has not submitted any evidence to support its claims besides its own employee's conclusory testimony." *Medcursor I*, 2021 WL 2024858, at *6 (quoting *Beyond Blond Prods. v. Heldman*, 479 F. Supp. 3d 874, 887 (C.D. Cal. 2020)) (denying motion for *ex parte* TRO); *see also Dongguan Zhouda Tech. Co. Ltd. v. Dai*, 2:25-CV-00536-TL, 2025 WL 1413594, at *2 (W.D. Wash. May 15, 2025) (denying

motion for *ex parte* TRO because the "speculative injury of an immediate loss of business or potential clients" is "insufficient"); *Shenzhen Gooloo E-Commerce Co., Ltd. v. Pilot, Inc.*, 2:21-CV-08915-RGK-E, 2021 WL 6751988 (C.D. Cal. Nov. 22, 2021) (denying motion for TRO where plaintiff asserted defendant's actions "caused it to lose half of its revenue," and that Amazon might "completely shut down [its] storefronts"). On this record, the Court cannot find imminent irreparable harm sufficient to enter a TRO. *Cf. Medcursor Inc. v. Shenzen KLM Internet Trading Co., Ltd.* ("*Medcursor II*"), 543 F. Supp. 3d 866, 878 (C.D. Cal. 2021) (finding Plaintiff would suffer irreparable harm where its sales occurred "almost exclusively on Amazon.com" and an infringement notice, "if left in place," would "effectively put Plaintiff out of business").

### III.  CONCLUSION

Because Shallwin fails to show likelihood of success on the merits of its claims, or immediate irreparable harm, Shallwin's motion for a TRO is DENIED without prejudice.

Dated this 17th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 11